UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

WILLIAM SIM SPENCER,

          Petitioner,

                                             Case No. 1:04-CV-566

v.                                      Hon. Richard Alan Enslen

JOHN CASON,

                                           **ORDER**

          Respondent.

_____/

Petitioner William Sim Spencer has objected to United States Magistrate Judge Ellen S. Carmody's Order of October 19, 2005 to the extent it denied his Motion for Emergency Consideration and Motion for Bond. Oral argument is unnecessary.

In terms of the objection to the denial of the Motion for Emergency Consideration, this is a pre-trial ruling concerning case scheduling which is reviewed only to determine whether the ruling is "clearly erroneous" or otherwise "contrary to law." *See* 28 U.S.C. § 636(b)(1)(A); *United States v. Raddatz,* 447 U.S. 667, 673 (1980); *Flournoy v. Marshall*, 842 F.2d 875, 876-77 (6th Cir. 1988). This standard is necessarily deferential; it does not permit reversal unless the reviewing court is left with the definite and firm conviction that an error has been made. *See United States v. Kellams,* 26 F.3d 646, 648 (6th Cir.1994) (citing *Anderson v. Bessemer City,* 470 U.S. 564, 573-74 (1985)); *Chakales v. Comm'r of Internal Revenue,* 79 F.3d 726, 728 (8th Cir. 1996). No such mistake was made as to case scheduling. This habeas petition is similar in character to many habeas petitions lodged in this Court and is not deserving of priority scheduling.

Since it is debatable that the Motion for Release on Bond should have treated as a dispositive matter under 28 U.S.C. § 636(B)(1)(b), the Court will review that determination *de novo*.  Upon such review, the Court concludes that Petitioner is not entitled to bond.  Under the law of the Sixth Circuit Court of Appeals, to obtain release on bond in a habeas matter the petitioner must show a substantial legal claim supporting the petition and "'some circumstance making [the motion for bail] exceptional and deserving of special treatment in the interest of justice.'" *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990); *see also Greenup v. Snyder*, 57 F.ed  Appx. 620, 621 (6th Cir. Jan. 23, 2003). This Court has ruled before that Petitioner has not met this standard.  His recently filed papers likewise do not make a sufficient showing.

**THEREFORE, IT IS HEREBY ORDERED** that Petitioner William Sim Spencer's Objection (Dkt. No. 55) is **DENIED,** the Order denying the Motion for Immediate Consideration is **AFFIRMED**, and the Motion for Release on Bail (Dkt. No. 50) is **DENIED**.

                                          /s/ Richard Alan Enslen
DATED in Kalamazoo, MI:          RICHARD ALAN ENSLEN
     November 10, 2005              SENIOR UNITED STATES DISTRICT JUDGE