UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM SIM SPENCER,

               Petitioner,                             Hon. Richard Alan Enslen

v.                                                Case No. 1:04-CV-566

JOHN CASON,

               Respondent.

_____/

## REPORT AND RECOMMENDATION

       This matter is before the Court on Spencer's petition for writ of habeas corpus. In accordance with 28 U.S.C. § 636(b) authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, the undersigned recommends that Spencer's petition be **denied**.

## BACKGROUND

       On October 23, 2001, Petitioner pleaded guilty to eight counts of Second Degree Criminal Sexual Conduct.  (Plea Transcript, October 23, 2001, 5-10).  Specifically, Petitioner admitted to engaging in sexual contact with four young girls, all of whom were under the age of 13.  *Id.*  As part of Petitioner's agreement to plead guilty, the trial judge agreed to impose a sentence within the sentencing guidelines.  *Id.* at 5-7.  At sentencing, Petitioner stated that he "made poor choices" and "reacted to things unwisely" for which he would "accept full responsibility."  (Sentencing Transcript, February 1, 2002, 7).  Petitioner was sentenced to 8-15 years in prison.  *Id.* at 8.

Petitioner subsequently moved in the trial court to withdraw his guilty plea on the grounds that he was actually innocent, relied on a promise by his attorney that he would receive a sentence of only 3-5 years, and was coerced into pleading guilty. (Hearing Transcript, December 18, 2002, 2-4). The court denied Petitioner's motion on the grounds that under Michigan law "where a Defendant has been found guilty by reason of his own statements and the Defendant has been sentenced, he will not be permitted thereafter to offer his own testimony to deny the truth of the statements made to induce the Court to act." *Id.* at 5. The judge further observed that while Petitioner had sent her "a number of letters" he never "profess[ed] any kind of innocence." *Id.* at 5-6.

Petitioner later submitted to the Michigan Court of Appeals a delayed application for leave to appeal his conviction. In his motion Petitioner asserted the following claims:

> I.   Defendant's sentence was not proportionate to the seriousness of the offenses and dangerousness of the offender. Mr. Spencer should be resentenced by a different judge.
>
> II.  Defendant received ineffective assistance of counsel. Defendant claims counsel coerced him into pleading guilty.
>
> III. The trial court abused its discretion in failing to allow Spencer to withdraw his plea.

The Michigan Court of Appeals denied Petitioner's motion "for lack of merit in the grounds presented." *People v. Spencer*, No. 245851, Order (Mich. Ct. App., Feb. 6, 2003). Asserting the following claims, Petitioner moved in the Michigan Supreme Court for leave to appeal:

> I.   Defendant received ineffective assistance of counsel. Defendant's counsel coerced him into pleading guilty.

II.     Defendant's sentence was not proportionate to the seriousness of the offenses and dangerousness of the offender.

III.    Defendant's pre-sentence investigation guidelines are grossly overscored.

IV.     Prosecutor deliberately injected deceptive statements designed to cause great harm to the Defendant.

V.      Police conducted an unlawful search and deliberately injected deceptive testimony against the Defendant.

VI.     Trial court abused its discretion by failing to allow the Defendant to withdraw his plea.

VII.    Defendant received ineffective assistance of appellate counsel.

The court denied Petitioner's request for leave to appeal, stating that "we are not persuaded that the questions presented should be reviewed by this Court." *People v. Spencer*, No. 123539, Order (Mich., Sep. 26, 2003). On August 24, 2004, Petitioner submitted a petition for writ of habeas corpus in which he asserted the following claims:

I.      Defendant's sentence was not proportionate to the seriousness of the offenses and dangerousness of the offender, Petitioner should be re-sentenced by a different judge.

II.     Defendant received ineffective assistance of counsel, Defendant was coerced into pleading guilty.

III.    The trial court abused its discretion in failing to allow Petitioner to withdraw his plea.

Petitioner later amended his petition to assert the following additional claim:

I.      Defendant is actually innocent and must present unexhausted claims in the interests of justice.

## STANDARD OF REVIEW

Spencer's petition, filed August 24, 2004, is subject to the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA), as it amended 28 U.S.C. § 2254.  The AEDPA amended the substantive standards for granting habeas relief under the following provisions:

> (d)    An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> > (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or
> >
> > (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The AEDPA has "modified" the role of the federal courts in habeas proceedings to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law."  *Bell v. Cone*, 535 U.S. 685, 693 (2002).

Pursuant to § 2254(d)(1), a decision is "contrary to" clearly established federal law when "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts."  *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000); *see also, Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003).

Prior to *Williams*, the Sixth Circuit interpreted the "unreasonable application" clause of § 2254(d)(1) as precluding habeas relief unless the state court's decision was "so clearly incorrect that

it would not be debatable among reasonable jurists." *Gordon v. Kelly*, 2000 WL 145144 at *4 (6th Cir., February 1, 2000); *see also*, *Blanton v. Elo*, 186 F.3d 712, 714-15 (6th Cir. 1999). The *Williams* Court rejected this standard, indicating that it improperly transformed the "unreasonable application" examination into a subjective inquiry turning on whether "at least one of the Nation's jurists has applied the relevant federal law in the same manner" as did the state court. *Williams*, 529 U.S. at 409.

In articulating the proper standard, the Court held that a writ may not issue simply because the reviewing court "concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams,* 529 U.S. at 411. Rather, the Court must also find the state court's application thereof to be *objectively* unreasonable. *Bell*, 535 U.S. at 694; *Williams*, 529 U.S. at 409-12. Accordingly, a state court unreasonably applies clearly established federal law if it "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular. . .case" or "if the state court either unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Lancaster*, 324 F.3d at 429 (quoting *Williams*, 529 U.S. at 407).

Furthermore, for a writ to issue, the Court must find a violation of Supreme Court authority. The Court cannot look to lower federal court decisions in determining whether the relevant state court decision was contrary to, or involved an unreasonable application of, clearly established Federal law. *See Harris v. Stovall*, 212 F.3d 940, 943-44 (6th Cir. 2000).

Pursuant to 28 U.S.C. § 2254(d)(2), when reviewing whether the decision of the state court was based on an unreasonable determination of the facts in light of the evidence presented, the factual findings of the state court are presumed to be correct. *See Warren v. Smith*, 161 F.3d 358, 360

(6th Cir. 1998) (citing 28 U.S.C. § 2254(e)(1)).  Petitioner can rebut this presumption only by clear and convincing evidence.  *Id.*

        The deferential standard articulated by the AEDPA, however, does not apply if the state has failed altogether to review a particular claim.  As the Sixth Circuit has indicated, where the state court clearly did not address the merits of a claim, "there are simply no results, let alone reasoning, to which [the] court can defer."  In such circumstances, the court conducts a *de novo* review.  *See McKenzie v. Smith*, 326 F.3d 721, 727 (6th Cir. 2003); *see also Wiggins v. Smith*, 123 S. Ct. 2527, 2542 (2003) (reviewing habeas issue *de novo* where state courts had not reached the question); *Maples v. Stegall*, 340 F.3d 433, 437 (6th Cir. 2003) (recognizing that *Wiggins* established *de novo* standard of review for any claim that was not addressed by the state courts).

## ANALYSIS

I.        **Proportionality of Sentence**

        Petitioner asserts that his sentence violates the principle of proportionality articulated by the Michigan Supreme Court in *People v. Milbourn*, 461 N.W.2d 1 (Mich. 1990).  The Sixth Circuit has observed, however, that because the United States Constitution "contains no strict proportionality guarantee," a claim that the sentencing court violated Michigan's principles of proportionality is not cognizable on federal habeas review.  *Lunsford v. Hofbauer*, 1995 WL 236677 at *2 (6th Cir., April 21, 1995) (citing *Harmelin v. Michigan*, 501 U.S. 957, 965 (1991)); *McLemore v. Berghuis*, 2006 WL 2818799 at *24 (W.D. Mich., Oct. 2, 2006) (Enslen, J.).

        Moreover, the Eighth Amendment to the United States Constitution "does not require strict proportionality between crime and sentence."  *United States v. Layne*, 324 F.3d 464, 473 (6th Cir. 2003) (quoting *Harmelin*, 501 U.S. at 1001).  Instead, the Eighth Amendment simply forbids extreme

sentences that are "grossly disproportionate" to the crime committed. *Layne*, 324 F.3d at 473. Considering both the nature and number of crimes to which Petitioner pleaded guilty, the sentence he received is in absolutely no way "grossly disproportionate" to the crime committed. Accordingly, the Court recommends that this claim presents no issue upon which habeas relief may be granted.

## II.        Voluntariness of Petitioner's Guilty Plea

Petitioner claims that because the trial judge knew that his guilty plea was involuntary, the trial judge's decision to deny Petitioner's request to withdraw his guilty plea was improper. Petitioner also asserts that his attorney coerced him into pleading guilty.

To be valid, a guilty plea must be made "voluntarily and intelligently," with "knowledge of the 'relevant circumstances and likely consequences.'" *King v. Dutton*, 17 F.3d 151, 153 (6th Cir. 1994). Determining whether a plea satisfies this standard requires "an evaluation of all the relevant circumstances surrounding the plea." *Id.* To prevail on his claim, Petitioner must demonstrate "such a strong degree of misunderstanding, duress, or misrepresentation by the court, prosecutor, or his own counsel that his plea would become a constitutionally inadequate basis for imprisonment." *Ray v. Cockrell*, 2003 WL 22070892 at *3 (N.D. Tex., Feb. 27, 2003) (citing *Blackledge v. Allison*, 431 U.S. 63, 75 (1977)). It must also be noted, however, that in the context of a petition for writ of habeas corpus, "the state generally satisfies its burden [of establishing the voluntariness of the plea] by producing a transcript of the state court proceeding," because the "factual findings of a state court that the plea was proper generally are accorded a presumption of correctness." *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993).

Petitioner claims that his attorney incorrectly informed him that if he failed to plead guilty he faced a possible prison sentence of 70-80 years. Plaintiff claims that because he feared spending that length of time in prison he felt coerced to plead guilty, despite his innocence. With respect to the trial judge, Petitioner claims that she was aware that he had been coerced into pleading guilty, but nonetheless denied his request to withdraw his guilty plea.

Petitioner has presented no evidence supporting his claim that his attorney told him that he faced 70-80 years in prison if he did not plead guilty. However, even if Petitioner's counsel had so informed Petitioner, such hardly forms the basis for habeas relief. The trial judge informed Petitioner on the record that the maximum penalty he faced if he pleaded guilty was 15 years. The trial judge also informed Petitioner that in return for his guilty plea she agreed not to impose a sentence in excess of the sentencing guidelines. The trial judge would otherwise have been permitted to sentence Petitioner to a sentence in excess of the guidelines, *see, e.g., People v. Bunn*, 421 N.W.2d 247 (Mich. Ct. App. 1988). Considering that Plaintiff engaged in eight acts of criminal sexual conduct with four girls under the age of 13, it would not have been inappropriate to sentence Petitioner to an extremely lengthy prison term. In short, it hardly constitutes coercion for an attorney to accurately inform his client that he likely faces a very lengthy prison term if found guilty at trial.

As for Petitioner's claim that the trial judge was aware that his guilty plea was the product of coercion, the record is likewise devoid of supporting evidence. Before accepting Petitioner's plea, the trial judge engaged in a lengthy discussion with Petitioner regarding the nature of the crimes with which he had been charged, including the potential punishment if convicted thereof, as well as the precise nature of the rights he was surrendering by pleading guilty. (Plea Transcript, October 23, 2001, 5-10). Petitioner acknowledged on the record that he understood that by pleading guilty he was

surrendering the following rights: (1) the right to a trial, either by the court or a jury, (2) the right to be presumed innocent until proven guilty beyond a reasonable doubt, (3) the right to have the witnesses against him appear at trial, (4) the right to question the witnesses against him, (5) the right to compel the attendance at trial of any witness on his own behalf, (6) the right to remain silent at trial, (7) the right to not have any such silence used against him at trial, and (8) the right to testify at trial. *Id.* The Court further notes that Petitioner's acknowledgment of guilt - made on the record - was clear and without equivocation. Petitioner also reiterated his guilt at his sentencing.

The Court finds that there exists no evidence supporting Petitioner's claim that his plea was not made knowingly, intelligently, and voluntarily. Accordingly, the Court concludes that this particular claim is without merit and cannot form the basis for habeas relief.

**III.        Ineffective Assistance of Counsel**

Petitioner asserts several grounds to support his claim that his attorney rendered ineffective assistance. Petitioner asserts that his attorney "refused to file an appearance until after he either received additional money from the petitioner or obtained a re-negotiated retainer agreement absolving counsel's obligation to present a defense." Petitioner also claims that his attorney "made a false promise that upon pleading guilty the petitioner would not face any more than a four year penalty." Finally, Petitioner claims that his attorney "failed to object when an unlawful prison sentence was imposed" on Petitioner.

To establish that counsel's performance was constitutionally deficient, Petitioner must first establish that his counsel's performance was so deficient that he was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Accordingly, it must be demonstrated that counsel's performance "fell below an objective standard of reasonableness, and that the defendant was prejudiced by the attorney's error." *Dando v. Yukins*, 461 F.3d 791, 798 (6th Cir. 2006) (quoting *Hill v. Lockhart*, 474 U.S. 52,57-59 (1985)).  As for demonstrating prejudice in the context of a challenge to a guilty plea, Petitioner must demonstrate that "but for counsel's errors, he would not have pleaded guilty and would have instead insisted on going to trial." *Dando*, 461 F.3d at 798 (quoting *Hill v. Lockhart*, 474 U.S. at 59).

With respect to the claim that counsel refused to file an appearance and made false promises, it must again be noted that aside from Petitioner's self-serving declarations the record contains no evidence to support Petitioner's assertions.  As for the claim that counsel failed to object to the court's imposition of an unlawful sentence, Petitioner has not demonstrated that his sentence was unlawful.  Petitioner has failed, therefore, to establish that his attorney's performance was in any way deficient.  Furthermore, even if Petitioner could make such a showing, he has not established that absent his attorney's alleged shortcomings he would have insisted on going to trial.  Accordingly, the Court concludes that this claim raises no issue on which habeas relief may be granted.

## IV.        Actual Innocence

As previously noted, Petitioner amended his petition for writ of habeas corpus to assert the claim that he is "actually innocent."

Before seeking habeas relief in the federal courts, Petitioner must first exhaust in the state courts those claims upon which habeas relief is sought.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b)(1).  Exhaustion requires that Petitioner provide the "highest court in the state" a "full and fair opportunity" to pass upon his claim that his federal rights have been violated. *Rust*

*v. Zent* 17 F.3d 155, 160 (6th Cir. 1994); *see also*, *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (petitioners must "fairly present" their federal habeas claims to the state courts).  As Petitioner acknowledges he has failed to exhaust this particular claim in the state court system.  Petitioner's failure to exhaust notwithstanding, this claim may nonetheless be denied on the merits.  *See* 28 U.S.C. § 2254(b)(2).

While a colorable claim of actual innocence may permit the Court to address the merits of an otherwise procedurally defaulted claim, Petitioner's claim that he is actually innocent has never been recognized as a stand-alone claim sufficient to merit habeas relief.  *See House v. Bell*, 126 S.Ct. 2064, 2076-87 (2006).  Petitioner has not asserted his claim of actual innocence as a means to obtain review of an otherwise procedurally defaulted claim, but has instead asserted such as a stand-alone claim.  Accordingly, because such a claim is not cognizable the Court recommends that such cannot form the basis for habeas relief.

## CONCLUSION

For the reasons articulated herein, the undersigned concludes that Petitioner is not being confined in violation of the laws, Constitution, or treaties of the United States.  Accordingly, the undersigned recommends that Spencer's petition for writ of habeas corpus be **denied**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date:  April 9, 2007

    /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge